IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MORRIS SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-637-WKW |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MORRIS SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-31-WKW |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court are the Magistrate Judge's Recommendation (Doc. # 79), Plaintiff's objections to that Recommendation (Doc. # 82), and Defendant's Response. (Doc. # 83.) As explained below, the Recommendation is due to be adopted, Plaintiff's objections are due to be overruled, and all of Plaintiff's claims are due to be dismissed with prejudice.

On January 19, 2018, the Magistrate Judge filed a Recommendation that granted partially Defendant's motion for judgment on the pleadings (Doc. # 57) and,

on all remaining claims, granted Defendant's motion for summary judgment. (Doc. # 57.) Additionally, the Recommendation construed as objections Defendant's motion to strike (Doc. # 71), before finding that those objections were due to be sustained in part and overruled in part. Plaintiff objected generally to each of these findings before making several factual and legal assertions that do not help his case.

First, Plaintiff objects on the basis that Matt Joiner, the Walmart manager who terminated Plaintiff's employment, is white, while the previous manager, who did not fire Plaintiff, is black. According to Plaintiff's objection, Joiner fired Plaintiff "because he had to be off work because the pain from his injury was so severe that he could not work." (Doc. # 82, at 2.) To the extent that this objection is a claim of racial discrimination under Title VII, Plaintiff has waived any such argument by failing to make it at the summary-judgment stage. (*See* Doc. # 79, at 43.) And, to the extent that the objection relates to Plaintiff's claim under the Americans with Disabilities Act, it is nothing more than a conclusory and general objection that "need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal citation omitted).

Second, Plaintiff alleges new evidence that he received unemployment income from the State of Alabama, which he could not have received had he been fired for a "work-related violation." (Doc. # 82, at 2.) These factual allegations "are not properly before the court, as [Plaintiff] failed to raise them in his response

to the motion for summary judgment." *Moorer v. City Of Montgomery*, No. 2:06-CV-672-WKW, 2008 WL 696889, at *1 (M.D. Ala. Mar. 13, 2008), *aff'd*, 293 F. App'x 684 (11th Cir. 2008). Even if this evidence were properly before the court, it is not clear that it would affect the disposition of the case. *See Delgado v. Lockheed-Georgia Co.*, 815 F.2d 641, 647 (11th Cir. 1987) ("Granting deference to unreviewed decisions of this agency in subsequent ADEA lawsuits could cause potential plaintiffs to forego their chance at unemployment compensation for fear of jeopardizing their ADEA claims or else force employees and employers to litigate unemployment compensation claims as discrimination suits."). The court will not imagine what sort of evidence, if any, might have been presented in Plaintiff's claim for unemployment benefits. Instead, the Magistrate Judge soundly reasons that Defendant has offered a legitimate, non-discriminatory reason for terminating Plaintiff's employment—excessive absences—and Plaintiff has failed to demonstrate that Defendant's reason is a pretext for discrimination.

Plaintiff's remaining objections—that he was improperly assigned absences; that the Walmart-assigned doctor improperly sent him back to work; that his firing was a pretext for some improper motive; that Alabama's workers' compensation laws about doctors are unfair—are similarly conclusory and general. The Magistrate Judge carefully explained how Plaintiff was assessed 63 absences because of Plaintiff's failure to provide required medical information, (Doc. # 79, at

13–14), and there is no evidence to support that this reason for termination was pretextual. (Doc. # 79, at 38–41.) Moreover, Plaintiff cites no evidence that supports his allegation that his doctor was biased against him, and even admits that he was able to request another doctor had he made such a demand. (*See* Doc. # 82, at 3.) Plaintiff's claims are not supported by evidence and fail to create a genuine dispute of material fact.

After an independent and *de novo* review of the record, it is ORDERED that:

1. The Recommendation of the Magistrate Judge (Doc. # 79) is ADOPTED;

2. Defendant's motion for judgment on the pleadings (Doc. # 57) is GRANTED as to Plaintiff's Title VII race discrimination claim of the Amended Complaint;

3. Defendant's objection (Doc. # 71) to paragraph 9 of Plaintiff's affidavit is SUSTAINED, and all other objections are OVERRULED; and

4. Defendant's motion for summary judgment (Doc. # 57) is GRANTED as to Plaintiff's claims under the Americans with Disabilities Act, the Family and Medical Leave Act, and the Title VII claims in Plaintiff's EEOC Complaint; and

5. All of Plaintiff's claims are DISMISSED with prejudice.

6. All other pending motions are DENIED as moot.

A separate final judgment will be entered.

DONE this 15th day of March, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE